# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ANDRE D. LIGHTFOOT, )
        Petitioner, )
)
v. ) CV416-302
)
GREGORY McLAUGHLIN, )
        Respondent. )

## **REPORT AND RECOMMENDATION**

A Chatham County, Georgia jury convicted petitioner Andre Lightfoot in May 1999 of armed robbery. Docs. 1 at 1; 1-1 at 2; *see Lightfoot v. State* No. A00A1770 (Ga. App. Jan. 9, 2001) (affirming judgment on direct appeal). Nearly 10 years later, he filed a state habeas action (unsuccessfully) challenging his conviction. *Lightfoot v. Upton*, 2008-HC-29 (Tattnall Super. Ct. Mar. 22, 2011). The Georgia Supreme Court denied his application for a certificate of probable cause to appeal. *Lightfoot v. Upton*, No. S11H1197 (Ga. Oct. 3, 2011). Lightfoot then filed another state habeas action, which was dismissed as both untimely and successive. *Lightfoot v. McLaughlin*, 2014-cv-335 (Macon Super. Ct. Dec. 1, 2015). The Georgia Supreme Court again denied his application for a certificate of probable cause to appeal.

*Lightfoot v. McLaughlin*, S16H0631 (Sept. 6, 2016). He now petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows that his petition must be dismissed.

Lightfoot had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period

---

[1] That section provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

2

cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at * 1.

The Georgia Court of Appeals affirmed Lightfoot's conviction and sentence on January 9, 2001. Pursuant to that court's rules, he then had ten days to file a notice of intent to petition for a writ of certiorari. Ga. Ct. App. R. 38(a)(1). He never did, so his conviction became final on Friday, January 19, 2001. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (finality attaches for petitioners who do not pursue the appellate review process all the way to the Supreme Court when the time for seeking such review expires (citing 28 U.S.C. § 2244(d)(1)(A)).

Lightfoot then had one year -- until January 21, 2002[2] -- to either file a § 2254 petition, or toll the limitations period by seeking state collateral relief. 28 U.S.C. § 2244(d)(2); *Rich*, 512 F. App'x at 982-83. He didn't file his first state habeas petition until 2008, years after his conviction became final and long after the one-year limitations period ended. That state petition, and all his later filings, therefore had no

---

[2] One year from January 19, 2001 fell on Saturday, January 19, 2002. Pursuant to O.C.G.A. § 1-3-1(d)(3) (and Fed. R. Civ. P. 6(a)(1)(C), for that matter), the due date became the following Monday, January 21, 2002.

3

tolling effect, since no time remained on his § 2254 clock. *Webster*, 199 F.3d at 1259.

Despite that, his untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *Holland v. Florida*, 560 U.S. 631, 649 (2010). Lightfoot, however, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing. *See* doc. 1-1 at 9 (asking the Court to note that "petitioner is and or was unable to obtain cop[ie]s due to lockdown and no access to an [*sic*] printer due to poverty"). *See Moore v. Frazier*, 605 F. App'x 863, 867 (11th Cir. 2015) ("periods in which a prisoner is separated from his legal papers are generally not extraordinary circumstances for which equitable tolling is appropriate."); *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) ("lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable

4

tolling is appropriate.").

Accordingly, Andre Lightfoot's § 2254 petition is untimely and should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED,** this ___15th___ day of November, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA