IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANDRE D. LIGHTFOOT,

    Petitioner,

v.                        CV 416-302

GREGORY McLAUGHLIN,

    Respondent.

## O R D E R

Before the Court is Petitioner's motion for reconsideration.[1] (Doc. 12.) Because petitioner fails to identify any grounds for relief under Federal Rules of Civil Procedure 60(b), his motion is **DENIED**.

Petitioner initiated this action pursuant to 28 U.S.C. § 2241 to attack the validity of his sentence imposed by the State Court of Chatham County, Georgia. The Magistrate Judge issued a Report and Recommendation recommending that Petitioner's case be dismissed. (Doc. 7.) The Report and Recommendation concluded that Petitioner's motion was untimely and that he was not entitled to equitable tolling. (Doc. 7, at 4-5.) The Report and Recommendation also determined that no issue in petitioner's case was worthy of review and therefore recommended denying a

---

[1] Although Plaintiff labels his motion as "Certification of Appealability," the Court previously refused to certify Petitioner's case. Accordingly, Plaintiff's motion is construed as a motion for reconsideration.

certificate of appealability. (Doc. 7, at 5.) After review of the record, the Court adopted the Report and Recommendation. (Doc. 9.) Petitioner now seeks reconsideration of the Court's Order adopting the Report and Recommendation.

Courts do not routinely revisit orders and reconsideration is an "extraordinary remedy, to be employed sparingly." Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004). The petitioner must identify convincing facts or law to persuade the court to reverse its decision. Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993).

"The first five provisions of Rule 60(b) provide relief in specific circumstances, including in the event of mistake, fraud, or newly discovered evidence." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotation omitted). When those circumstances do not apply, relief may still be appropriate if the petitioner can establish "any other reason that justifies relief." FED. R. CIV. P. 60(b). To fall under this catchall provision, the petitioner must show "that the circumstances are sufficiently extraordinary to warrant relief." Aldana, 741 F.3d at 1355.

Here, Petitioner's motion fails to meet any of the grounds for relief under Rule 60(b). Plaintiff merely argues the merits

of his claim, which the Court has already refused to consider because Plaintiff's motion was untimely. Rule 60(b) is not a vehicle to relitigate matters already decided by the district court. Jones v. Southern Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012). Accordingly, relief is not warranted under Rule 60(b).

Upon due consideration, Petitioner's motion for relief from judgment (doc. 12) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 1ST day of May, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA